# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4015

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Carlos Alberto Pool-Chan, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 19, 2006
Filed: July 18, 2006

_____

Before LOKEN, Chief Judge, BOWMAN and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

Carlos Alberto Pool-Chan was arrested with fourteen other illegal aliens traveling in a van on Interstate 80 in Cedar County, Iowa. He was carrying a bogus social security card bearing a nine-digit social security number and the name Carlos Pool. After a bench trial, Pool-Chan was convicted of possessing a counterfeit social security card in violation of 18 U.S.C. § 1546(a), which provides that any person who knowingly possesses a document "prescribed by statute or regulation . . . as evidence of authorized . . . employment in the United States, knowing it to be forged,

counterfeited, altered, or falsely made," is guilty of a felony. The district court[1] sentenced him to 187 days in prison, equal to time already served, and two years of supervised release. Pool-Chan appeals, arguing as he did to the district court that possession of an unsigned counterfeit social security card does not violate § 1546(a). Reviewing this issue of statutory construction *de novo*, we affirm. See United States v. Kirchoff, 387 F.3d 748, 750 (8th Cir. 2004) (standard of review).

At trial, the government introduced the unsigned social security card and a stipulation of facts reciting that Pool-Chan, a citizen of Mexico, entered the United States unlawfully on March 30, 2005 to find work, after being voluntarily removed to Mexico seven times in the previous five years. When arrested on April 5, Pool-Chan waived his Miranda rights and told the arresting agents that he bought the card in Texas to use for employment purposes. Before resting, the government called immigration special agent Eric Spalding who explained how he determined that the social security card was counterfeit. Spalding also testified that this type of document is used "to prove eligibility to work in the United States" and that he has seen an unsigned social security card "accepted by an employer."

At the close of the evidence, Pool-Chan moved for judgment of acquittal on the ground that an unsigned social security card is not evidence of authorized employment within the meaning of § 1546(a). Pool-Chan argued that only a valid social security card falls within the plain meaning of the term "authorized" in § 1546(a), and his counterfeit card was not a valid card because a notation on the back declared: "This card is invalid if not signed by the number holder unless health or age prevents signature." (The evidence at trial established that Pool-Chan is young and in good health.) The district court denied the acquittal motion, concluding:

---

[1]The HONORABLE LINDA R. READE, United States District Judge for the Northern District of Iowa.

it is not a defense to 18 United States Code Section 1546(a) that the social security card was not signed. Even an unsigned social security card is the type of document prescribed by statute or regulation . . . as evidence of authorized . . . employment in the United States.

The court then found that the government had proved all elements of the § 1546(a) offense beyond a reasonable doubt. On appeal, Pool-Chan concedes that he knowingly possessed a counterfeit social security card but argues that possession of an unsigned card, even if otherwise counterfeit, does not violate § 1546(a).

The plain meaning of the term "evidence of authorized . . . employment" in § 1546(a) becomes clear from a review of the statute's history. This language was added when Congress significantly expanded the reach of the statute in the Immigration Reform and Control Act of 1986 ("IRCA"), Pub. L. 99-603, § 103(a)(2)-(3), 100 Stat. 3380. See United States v. Ryan-Webster, 353 F.3d 353, 362-63 (4th Cir. 2003). IRCA enacted a new section of the Immigration and Nationality Act, 8 U.S.C. § 1324a, which prohibited the employment of illegal aliens and required "that employers verify the identity and eligibility of all new hires by examining specified documents before they begin work." Hoffman Plastic Compounds, Inc. v. NLRB, 535 U.S. 137, 148 (2002). At the same time, IRCA amended 18 U.S.C. § 1546 to "make[] it a crime for an unauthorized alien to subvert the employer verification system by tendering fraudulent documents." Id.

The employer verification system, including the specified categories of documents to be verified, is found in 8 U.S.C. § 1324a(b). Before hiring an individual, an employer must verify "that the individual is not an unauthorized alien by examining (i) a document described in subparagraph (B), or (ii) a document described in subparagraph (C) and a document described in subparagraph (D)." 8 U.S.C. § 1324a(b)(1)(A). Subparagraph (C), entitled "Documents evidencing employment authorization," expressly includes a work applicant's "social security account number card (other than such a card which specifies on the face that the

-3-

issuance of the card does not authorize employment in the United States)." § 1324a(b)(1)(C). This inclusion, though it appears in a provision enforcing the immigration laws, is logical because the Commissioner of Social Security is required by statute to "take affirmative measures to assure" that social security account numbers are only issued to aliens whose status permits them "to engage in employment in the United States." 42 U.S.C. § 405(c)(2)(B)(i). See United States v. Gomes, 969 F.2d 1290, 1294 (1st Cir. 1992) ("a social security card [informs] those who examine it that the bearer is eligible to work in the United States").

In this statutory regime, "evidence of authorized . . . employment" for purposes of § 1546(a) plainly means documents establishing that a person is not an *unauthorized* alien within the meaning of 8 U.S.C. § 1324a, that is, documents such as a work applicant's social security account number card that are specified in the employer verification system, § 1324a(b)(1). The critical fact for a verifying employer is whether the Social Security Administration has issued a social security account number card, which means that the Commissioner has verified that the alien may lawfully work in the United States. Whether the alien signed the card after it was issued may affect its validity for other purposes. But signing is irrelevant to a verifying employer and therefore irrelevant to whether an illegal alien subverts the employer verification system by tendering a counterfeit or otherwise fraudulent card.

For these reasons, the district court correctly concluded that even an unsigned social security card is a document "prescribed by statute or regulation . . . as evidence of authorized . . . employment in the United States" within the meaning of 18 U.S.C. § 1546(a). The judgment of the district court is affirmed.

_____